**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ARENT FOX LLP | ) | |
| 1717 K Street, NW | ) | |
| Washington, DC 20006-5344, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | Civil Action No. 1:19-cv-143 |
| JAY R. DESHMUKH | ) | |
| 458 Cherry Hill Road | ) | |
| Princeton, NJ 08540 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COMPLAINT**

Defendant, Jay R. Deshmukh, is a former voting partner of law firm Plaintiff Arent Fox LLP. The partnership agreement of Plaintiff required all voting partners to provide 60 days' notice of departure. Defendant and Plaintiff entered into an agreement by which Plaintiff waived the required 60 days' notice and, in exchange, Defendant promised to pay $96,000 to Plaintiff in six installments of $16,000. Pursuant to the agreement, if Defendant failed to make any payment when due, then the entire unpaid balance would be immediately due and payable. Defendant breached the contract by failing to pay the full amount of the installments when due. The full, remaining amount of $91,000 is now due and payable. Plaintiff brings this action to enforce the parties' contract.

**THE PARTIES**

1. Plaintiff Arent Fox LLP (the "Firm") is a limited liability partnership organized under the laws of the District of Columbia and having its principal place of business at 1717 K Street, NW, Washington, DC 20006-5344.

2.      Defendant Jay R. Deshmukh is an individual residing at 458 Cherry Hill Road, Princeton, New Jersey 08540.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), as this civil action is between citizens of different States, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims occurred here.

5.      The parties have agreed by contract that this Court is the appropriate forum for this matter, and Defendant has consented to personal jurisdiction for this matter in this district.

## FACTUAL ALLEGATIONS

**Defendant's Voluntary Resignation from Arent Fox LLP**

6.      Plaintiff is a law firm, and the rights and obligations of its partners are set forth in the Arent Fox LLP Limited Liability Partnership Agreement ("Partnership Agreement").

7.      Pursuant to Amendment 2017-A of the Partnership Agreement dated January 1, 2017, Defendant was admitted as a voting partner at Arent Fox LLP on December 12, 2016, and became bound by the Partnership Agreement.

8.      Pursuant to Article 11.1(a)(1) of the Partnership Agreement, the written voluntary resignation of a voting partner is effective on the last day of a calendar month that is at least 60 days after the date of delivery (the "60-Day Notice Provision").

9.      Defendant, a voting partner at the time, notified Plaintiff of his voluntary resignation in writing on September 7, 2018.

2

10.     Under the Partnership Agreement, Defendant's resignation would be effective November 30, 2018.  However, Defendant indicated that he wanted to leave Arent Fox LLP immediately.

11.     Plaintiff agreed to waive the 60-Day Notice Provision for Defendant under the terms of a separately executed Letter Agreement.

**The Letter Agreement**

12.     On September 12, 2018, Defendant and Arent Fox LLP entered into a Letter Agreement.

13.     The Letter Agreement stated that, in consideration for Plaintiff's waiver of the 60-Day Notice Provision, Defendant agreed to pay to Arent Fox LLP a total of $96,000, in six installments of $16,000 each.  The $16,000 installment payments were due on the 15th of each month, from October 15, 2018, through March 15, 2019.

14.     If Defendant failed to pay any of the installments when due, the parties agreed that this would result in the entire unpaid balance becoming immediately due and payable without notice or demand by Plaintiff.

15.     Pursuant to the terms of the Letter Agreement, Defendant's resignation from the Firm became effective as of September 12, 2018, the date he signed the Letter Agreement.

16.     The Letter Agreement was to be governed by the laws of the District of Columbia, and any legal proceeding to enforce its terms was to be brought in this Court.  The parties agreed to waive any objection to jurisdiction or venue in this Court.

17.     The parties agreed that, in any legal proceeding to enforce the Letter Agreement, the prevailing party would be awarded its reasonable attorneys' fees and costs.

18.     Defendant agreed to waive any right to trial by jury.

3

**Defendant's Failure to Pay as Promised in the Letter Agreement**

19.     Defendant resigned and left the Firm effective September 12, 2018.

20.     The first installment payment of $16,000 under the Letter Agreement was due on October 15, 2018.

21.     Defendant paid the Firm only $5,000 by October 15, 2018.

22.     The failure to pay consistent with the Letter Agreement constituted a breach of contract.

23.     Arent Fox LLP contacted Defendant by letter dated October 23, 2018.  Given Defendant's breach of the Letter Agreement, Plaintiff stated that the full remaining balance— $91,000—was immediately due and payable.

24.     To date, Defendant has failed to pay any further amounts due under the Letter Agreement.

## COUNT I
## Breach of Contract

25.     Paragraphs 1 through 24 are incorporated by reference.

26.     The Letter Agreement is a valid and binding contract, entered between Arent Fox LLP and Defendant.

27.     Plaintiff complied with its obligations under the Letter Agreement, by allowing Defendant to resign immediately, rather than abiding by the usual 60-Day Notice Provision in the Partnership Agreement.

28.     Under the Letter Agreement, Defendant agreed to pay $96,000 to Plaintiff in installment payments of $16,000, with the first payment due on October 15, 2018.  The parties

agreed that, if Defendant failed to pay any of the installments when due, the entire unpaid balance would become immediately due and payable.

29.     Defendant paid only $5,000 by October 15, 2018, and has failed to make any further payments.

30.     Defendant breached the Letter Agreement's payment terms.

31.     The remaining amount due—$91,000—is immediately due and payable to Plaintiff.

32.     Defendant's breach has caused damage to Plaintiff, which has not received the amount due under the Letter Agreement, and has been forced to incur legal fees and expenses to recover the amount due.

33.     Under the terms of the Letter Agreement and District of Columbia law, Plaintiff may recover not just the amount due under the Letter Agreement, but also attorneys' fees, costs, expenses, and interest.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Arent Fox LLP respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant Jay R. Deshmukh, and award Plaintiff:

a.     Compensatory damages on Count I in the amount of $91,000;

b.     Attorneys' fees, costs, and expenses incurred in this matter;

c.     Interest; and

d.     Any other and further relief that this Court deems just and proper.

Dated: January 22, 2019                    Respectfully submitted,

                                           _____*/s/ Randall Brater*_____
                                           Randall Brater, D.C. Bar No. 475419
                                           Alison L. Andersen, D.C. Bar No. 997260
                                           randall.brater@arentfox.com
                                           alison.andersen@arentfox.com
                                           Arent Fox LLP
                                           1717 K Street, NW
                                           Washington, DC 20006-5344
                                           (202) 857-6000
                                           Fax: (202) 857-6395

                                           **Counsel for Arent Fox LLP**